687 P.2d 596

**The STATE of Idaho,
Plaintiff-Respondent,**

v.

**Larry FLYNN, Defendant-Appellant.**

**No. 15267.**

Court of Appeals of Idaho.

Aug. 31, 1984.

August H. Cahill, Ada County Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., P. Mark Thompson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

In a jury trial in the magistrate division of the district court, Larry Flynn was convicted on two charges of failure to provide proper care for two mares in violation of I.C. § 18–2109. That statute makes it a misdemeanor to place an animal in an enclosure and permit it to go without proper care. Flynn was sentenced to jail, ordered to pay a fine and to make restitution for certain animal care expenses incurred by the state. He appealed his convictions to the district court, which affirmed. On appeal to this court, Flynn argues the same three issues reviewed by the district court. First, was it proper for the trial court to admit testimony of Flynn's conduct regarding his treatment of other animals? Next, was the evidence presented sufficient for the jury to find that the mares were kept in an enclosure? Finally, was an excessive sentence imposed? We agree with the district court that no reversible error has been shown and we affirm.

The state's evidence showed that in April 1981 Flynn acquired two wild mares which had been captured in a roundup by the Bureau of Land Management. Flynn placed the mares in a small pasture he owned near Eagle, Idaho. Although the parcel was then covered in tall grass, the forage was rapidly consumed by the two horses and two mules and a donkey which Flynn also had in the pasture. Within a few weeks, the grass was no longer adequate to support the animals.

In late May 1981, an Idaho Humane Society investigator who had been called to the area noticed that the younger mare looked thin. The investigator suggested to Flynn that he provide food for the animals. On June 12, again in response to a call, the investigator returned to the pasture. The condition of both mares had deteriorated; the younger mare was emaciated. Flynn was instructed to have a veterinarian check the younger mare, which he did on June 16. On June 18, the mare was impounded and sheltered by the Idaho Humane Society where it received food and daily medical care. However, the small horse was beyond help and three weeks later it was destroyed. Flynn sold the older mare as chicken feed.

At trial, a number of Flynn's neighbors were allowed to testify, over repeated strident objections, regarding treatment received by other livestock in Flynn's care during the previous two years. The general tenor of this testimony was that Flynn did not act responsibly toward his stock. They complained that Flynn neglected his fences and did nothing to prevent his animals—or those of his renters—from escaping onto neighboring property. Two witnesses testified about a prior incident where a horse had died a lingering death,

after becoming so weak or ill from lack of feed and care that it could no longer eat or drink. One neighbor told about seeing a dozen cattle go without feed after they had depleted the available grass. Flynn asserts that the evidence was inadmissible because irrelevant, or if relevant, that its probative value was outweighed by its tendency to prejudice. When Flynn testified after the state had rested, he admitted he did not keep his fences in repair, but he denied any responsibility for the incidents of animal neglect, testifying that renters or other persons were responsible for the animals' care.

■ Generally, evidence of unrelated criminal activity is inadmissible at trial to show criminal propensity on the part of the accused. *State v. Needs*, 99 Idaho 883, 591 P.2d 130 (1979). However, evidence of a defendant's past criminal activity is admissible to prove: (1) motive, (2) intent, (3) absence of mistake or accident, (4) common scheme or plan embracing two or more crimes so similar to each other that proof of one tends to establish the other, (5) identity of the person charged, and (6) other similar issues. *Id.* Evidence of other unrelated criminal activity or bad conduct on the part of a defendant is irrelevant and therefore inadmissible unless it meets one of the six tests set forth above. If the evidence meets one of the tests, it may be admitted provided that the trial judge determines the probative value exceeds the prejudicial impact. This balancing determination involves the careful exercise of discretion. *State v. Abel*, 104 Idaho 865, 664 P.2d 772 (1983); *State v. Stoddard*, 105 Idaho 533, 670 P.2d 1318 (Ct.App.1983).

■ The district court affirmed the magistrate's decision to admit the evidence on the basis that it demonstrated knowledge on Flynn's part and an absence of mistake or accident. We note that the state, in any criminal prosecution, must prove that the defendant knowingly and *willfully* committed the unlawful acts with which he is charged. This means the state must prove the acts were not the result of mere mistake or accident. Evidence of the other prior similar incidents tended to show that Flynn knew the small pasture would not provide sufficient feed for the number of animals that were kept there. The evidence also tended to show that Flynn knew animals kept on his property were continually trying to escape when the feed provided for them was inadequate. We hold the evidence admitted was relevant for the proof of the state's case-in-chief.

In considering the admissibility of prior conduct evidence, the trial judge must weigh the probative value of the evidence against any unfair prejudice to the defendant that might result from its admission. *State v. Sharp*, 101 Idaho 498, 616 P.2d 1034 (1980). The record shows such consideration by the magistrate here. He admitted the evidence only after its probative value and prejudicial impact were argued by counsel outside the presence of the jury. We find no abuse of discretion by the trial court in admitting the evidence.

■ Flynn next maintains the evidence does not support a finding that the horses were kept in an enclosure. The assertion is based on evidence showing the pasture fences were so poorly maintained that the penned livestock could escape. This was a specious argument lacking merit. The mares were placed in a fenced pasture. The record discloses Flynn's clear intent that they remain there, although he repaired the fence infrequently. Flynn's conviction under I.C. § 18–2109 is no less valid simply because he made escape easier by penning a hungry animal with a decrepit fence. Under this statute the state is not required to prove that the animals are enclosed by a "lawful fence" as defined by I.C. §§ 35–101, –102. The evidence concerning the condition of the fences at different times was contradictory. Nevertheless, the evidence was sufficient for the jury to find that the fences were intended to and did substantially confine the animals to the pasture.

■ Finally, Flynn challenges the sentences imposed as excessive. He was ordered to pay a $300 fine on each count and

to pay $643.60 restitution to the Idaho Humane Society. Flynn was also sentenced to six months in jail, with five months suspended, and two years probation. A sentence within the statutory maximum will not be disturbed on appeal unless the appellant demonstrates a clear abuse of discretion. *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). A sentence shown to be unreasonable upon the facts of the case would represent a clear abuse of discretion. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Although Flynn received the maximum penalty allowable for a misdemeanor, five months of the six-month jail sentence were suspended. The court even authorized a "work release" by which Flynn could arrange to report to his regular job while serving the one month in jail. On the facts of this case, the sentencing judge could conclude that the term of confinement imposed was necessary to provide deterrence of future similar conduct by this defendant and by others. *See State v. Toohill, supra.* We conclude the sentence imposed is reasonable and does not amount to an abuse of discretion.

The convictions and sentences are affirmed.

WALTERS, C.J., and BURNETT, J., concur.