49 P.3d 1260

STATE of Idaho, Plaintiff–Respondent,

v.

Mario AVILA, Defendant–Appellant.

No. 26965.

Court of Appeals of Idaho.

May 10, 2002.

Rehearing Denied May 10, 2002.

Review Denied June 26, 2002.

Douglas D. Phelps, Coeur d'Alene, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly J. Blas, Deputy Attorney General, Boise, for respondent. Kimberly J. Blas argued.

## SUBSTITUTE OPINION

### THE COURT'S PRIOR OPINION DATED MARCH 4, 2002 IS HEREBY WITHDRAWN

LANSING, Judge.

Mario Anthony Avila was charged with sexual battery of a child after he fondled a female co-worker. At his jury trial, the victim testified that during the incident Avila spoke about a previous sexual encounter with a striptease dancer at a strip club. The district court admitted the statement over Avila's objection. The jury subsequently found Avila guilty of sexual battery of a child not involving lewd conduct. Avila appeals, contending that the district court erred in allowing the introduction of the prior sexual act and that the district court gave erroneous jury instructions.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Based on the allegations of a sixteen-year-old female coworker, A.A., Avila was charged with sexual battery of a minor child sixteen or seventeen years old, Idaho Code § 18–1508A. At Avila's jury trial, the State presented the following evidence through the testimony of A.A. On June 2, 1999, thirty-six-year-old Avila asked A.A. to accompany him on a five to ten-minute drive to recycle cardboard boxes. During the drive, A.A. said that she complained to Avila about a recent back injury that had left her sore. Avila responded by massaging her back, and A.A. did not ask Avila to stop. While Avila massaged her back, A.A. testified that Avila asked her what kind of boys she liked dating and told her that he would like to date a girl who was A.A.'s age.

Shortly thereafter, Avila and A.A. arrived at the recycling center. After the cardboard was unloaded, Avila and A.A. drove back to work. A.A. said that Avila resumed massaging her back and told her about a recent experience he had with a woman striptease dancer at a strip club. After telling his story, A.A. stated that Avila grasped her breast, told her how much he loved her, and attempted to kiss her. A.A. pulled away from Avila and demanded that he stop. Avila complied with A.A.'s request and drove back to work. A.A. told her mother about the incident with Avila. The matter was reported to police, and Avila was charged with sexual battery of a minor child sixteen or seventeen years of age.

During A.A.'s testimony, she began to tell how, while Avila was rubbing her back, he "started talking about the previous weekend he went to a strip club." Defense counsel objected on relevance grounds. The trial court initially reserved ruling on the objection and allowed the testimony to continue in order to "see where it goes." A.A. then related Avila's story about the stripper. According to A.A., Avila said that when he was at the club he noticed a woman performing who he believed was more beautiful than his wife. Once the stripper's performance was over, Avila said he started to leave but the stripper stopped him before he could exit. The stripper asked for his phone number and Avila gave it to her. Avila said that he and the stripper then went to a dark corner of the club and fondled one another. Later in A.A.'s testimony, the district court readdressed the objection to the evidence of Avila's statements about the stripper and stated that defendant's objection was overruled.

The district court instructed the jury on three separate offenses for which Avila could be convicted: sexual battery of a minor involving lewd conduct, I.C. § 18–1508A(1)(a);

sexual battery of a minor not involving lewd conduct, I.C. § 18–1508A(1)(c); and battery, I.C. § 18–903. The jury found Avila guilty of sexual battery not involving lewd conduct. Avila appeals, arguing that evidence of his strip club experience was inadmissible and that the district court improperly instructed the jury.

## II.

## ANALYSIS

### A. Introduction of Prior Sexual Acts— I.R.E. 404(b)

Avila states that A.A.'s testimony about his strip club experience was inadmissible under I.R.E. 404(b). The State responds that Avila did not preserve a Rule 404(b) objection because at trial Avila objected only on the ground that the evidence was irrelevant. The State thus invokes the principle that appellants are foreclosed from arguing evidentiary objections on appeal that were not specifically raised at trial. *See* I.R.E. 103(a)(1); *State v. Norton,* 134 Idaho 875, 11 P.3d 494 (Ct.App.2000); *State v. Carlson,* 134 Idaho 389, 3 P.3d 67 (Ct.App.2000); *State v. Brown,* 131 Idaho 61, 951 P.2d 1288 (Ct.App. 1998).

■ We conclude that the State's argument is misplaced in this instance and that Avila's relevance objection preserved an argument that the evidence was inadmissible under I.R.E. 404(b). This is so because Rule 404(b) is a relevance rule,[1] and a Rule 404(b) objection is but a particular type of relevance objection. That rule provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show conduct in conformity with that character, but that such "other bad acts" evidence may be admissible if it is probative for other purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Thus, when a question of admissibility of evidence under Rule 404(b) is examined, the initial inquiry is whether the evidence *is*

*relevant* for a purpose other than proving character and conduct in conformity with that character. The Idaho appellate courts have repeatedly stated that when a Rule 404(b) challenge is presented, the court must apply a two-tiered analysis, the first tier of which is to determine whether the evidence is relevant for a permissible purpose. If so, the second tier is to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See State v. Tapia,* 127 Idaho 249, 254, 899 P.2d 959, 964 (1995); *State v. Abel,* 104 Idaho 865, 870, 664 P.2d 772, 777 (1983); *State v. Williams,* 134 Idaho 590, 592, 6 P.3d 840, 842 (Ct.App.2000); *State v. Guinn,* 114 Idaho 30, 34, 752 P.2d 632, 636 (Ct.App.1988); *State v. Matthews,* 108 Idaho 482, 484–85, 700 P.2d 104, 106–07 (Ct.App.1985); *State v. Flynn,* 107 Idaho 206, 208, 687 P.2d 596, 598 (Ct.App.1984).

■ In other words, a Rule 404(b) objection is intrinsically a relevancy objection because it requires the trial judge to determine whether the evidence is relevant for some purpose other than that prohibited by the rule. We note that when Avila's relevancy objection was made, the prosecutor responded with an assertion that the evidence was relevant to intent, one of the purposes for use of other bad acts evidence that is expressly authorized by Rule 404(b). A relevance objection could not properly be overruled if the evidence was relevant only for a purpose forbidden by Rule 404(b). Therefore, the fact that Avila's counsel did not cite Rule 404(b) in making his relevance objection does not foreclose him from arguing on appeal that the order overruling his objection was erroneous because the evidence was not relevant for any purpose other than the purpose of showing bad character and propensity, which is proscribed by Rule 404(b).

The State draws to our attention a recent decision of the Idaho Supreme Court, *State v. Cannady,* 137 Idaho 67, 44 P.3d 1122 (2002), in which the Court held that a defendant's relevance objection to admission of a book did not preserve a Rule 404(b) objection to a

---

1. Rule 404 falls within Article IV, titled "Relevancy and Its Limits," of the Idaho Rules of Evidence.

specific page of the book that had interlineations and notes written by the defendant. We conclude that *Cannady* is readily distinguishable from the present case. In *Cannady,* the defendant was being prosecuted for lewd conduct and sexual abuse of a child. The state offered into evidence a book titled *The Child Abuse Industry* that was found by police during a search of the defendant's camper. The defendant objected to the book on the ground that it was irrelevant, immaterial and had no probative value. This objection was overruled and the book was admitted into evidence. On appeal, the Supreme Court affirmed this evidentiary ruling, holding that the book was relevant to the defendant's intent. The Court then went on to consider the defendant's appellate argument that handwritten notations on a particular page of the book were inadmissible under Rule 404(b) because they indicated that the defendant had previously been investigated for, charged with or convicted of child sexual abuse. The Supreme Court held that the defendant's objection in the trial court to the relevance of the book as a whole did not preserve the Rule 404(b) challenge made on appeal to notations on a particular page of the book. The Court observed that, in the trial court, the defendant had objected to the book in general as being irrelevant but did not specifically object to or even mention the handwritten notations. A Rule 404(b) objection to the notations, the Supreme Court said, would not have been apparent to the trial court from the context of the relevance objection. Thus, in the *Cannady* appeal, the defendant was actually presenting two separate objections to two separate types of evidence—in the trial court he asserted the irrelevance of the book as a whole, while on appeal he was raising a Rule 404(b) objection not to the book at large, but to his own notations on a particular page of the book that had never been brought to the trial court's attention. The relevance of the book as a whole was an issue quite distinct from the relevance of particular handwritten entries on a particular page. The defendant's relevance objection to the book did not refer to evidence of any prior acts or misconduct of the defendant and hence did not implicate Rule 404(b).

In the present case, no such distinction exists. The testimony about Avila's contact with a stripper, to which he made a relevancy objection, is precisely the same evidence that he challenges on appeal with an argument that the evidence has no relevance for a purpose other than that disallowed by Rule 404(b). The *Cannady* decision is therefore inapposite.

■ Having concluded that Avila's relevancy objection was sufficient to preserve a Rule 404(b) argument on appeal, we must determine whether the trial court properly admitted A.A.'s testimony that repeated Avila's alleged description of his encounter with a stripper. We conclude that the evidence was properly admitted. The State was required to prove that Avila touched A.A. "with the intent of arousing, appealing to or gratifying the lust, passion, or sexual desires" of himself or A.A. I.C. § 18–1508A(1). Evidence that Avila spoke to A.A. about a sexual scenario involving a stripper while he was massaging A.A.'s back and immediately before he touched her breast was relevant to prove such intent and to prove that his touching of her breast was not a mistake or accident.

■ This evidence was admissible for another reason as well. The Idaho appellate courts have held that Rule 404(b) does not prevent the introduction of other misconduct evidence if the misconduct was so interconnected with the charged offense that a complete account of the charged offense could not be given to the jury without disclosure of the uncharged misconduct. *See State v. Izatt,* 96 Idaho 667, 670, 534 P.2d 1107, 1110 (1975); *State v. Blackstead,* 126 Idaho 14, 17–18, 878 P.2d 188, 191–92 (Ct.App.1994). Our Supreme Court has explained, "[a]ll facts inseparably connected to the chain of events of which the act charged in the information is a part are admissible even though the full story shows the commission of other crimes." *Izatt, supra* (quoting *Monge v. People,* 158 Colo. 224, 406 P.2d 674, 678 (1965)). Avila's story about his strip club experience occurred simultaneously with the charged offense, and introduction of evidence about it was necessary to present the jury with the

entire context in which the alleged touching of A.A.'s back and breast occurred.

Because the evidence was relevant for purposes other than the one forbidden by I.R.E. 404(b), the district court did not err in allowing the introduction of the challenged testimony.

## B. Jury Instructions

### 1. Instructions 11 and 12A

■ Second, Avila states that the district court confused and misled the jury by giving the jury two conflicting instructions on the element of sexual intent. This Court exercises free review when determining "whether jury instructions fairly and adequately present the issues and state the applicable law." *State v. Elison*, 135 Idaho 546, 552, 21 P.3d 483, 489 (2001).

■ One instruction, Instruction 11, was taken directly from I.C. § 18–1508A. It recited the mental element that the State must prove Avila possessed in order to be convicted of sexual battery of a minor that, "the defendant engaged in such conduct with the specific intent of arousing, appealing to, or gratifying the lust, passion, or sexual desires of any person." The other, Instruction 12A, told the jury: "The law does not require as an essential element of any of the charged crimes that the lust, passions, or sexual desires of either the defendant or A.A. be actually aroused, appealed to, or gratified."

While Avila claims that the instructions are conflicting, and therefore misleading, we find no inconsistency or conflict. Instruction 11 expresses the element of intent specified in I.C. § 18–1508A; it tells the jury what state of mind the State had the burden to prove. Instruction 12A, on the other hand, told the jury what the State did *not* need to prove in order to show that Avila committed a sexual battery. It says that the intended result of sexual arousal, appeal or gratification does not have to be accomplished in order for the State to have met its burden of proof. Instruction 12A accurately expresses that the State was not required to establish that either Avila or A.A. was actually sexually aroused or found the conduct appealing.

Moreover, the use of an instruction containing the language of 12A was previously approved by this Court in *State v. Greensweig*, 102 Idaho 794, 798, 641 P.2d 340, 344 (Ct.App.1982), and the Idaho Supreme Court has approved it as a pattern jury instruction. *See* I.C.J.I. 931. Accordingly, the district court's use of Instruction 12A was not erroneous.

### 2. Instructions on lesser included offenses

The jury was instructed on the charged offense of sexual battery of a minor involving lewd conduct and the lesser included offenses of sexual battery of a minor not involving lewd conduct and simple battery. Avila was found guilty of one of the lesser included offenses, sexual battery of a minor not involving lewd conduct. Nevertheless, Avila asserts that the district court failed to properly instruct the jury that it could find Avila guilty of a lesser crime if it did not find him guilty of a greater crime. In support of his contention, Avila notes that Instruction 11 "does not tell the juror that they [sic] should proceed to another instruction to consider the Defendant's guilt or innocence only after considering guilt or innocence on the initial charge."

We exercise free review in determining whether the district court properly instructed the jury, and ask "whether the instructions as a whole, and not individually, fairly and accurately reflect the applicable law." *State v. Page*, 135 Idaho 214, 221, 16 P.3d 890, 897 (2000). "To be considered reversible error an instruction must have misled the jury or prejudiced the complaining party." *Id.* Under Idaho law, a jury may not consider a lesser included offense unless it has first considered each of the greater offenses and has concluded that the defendant is not guilty of each of the greater offenses. I.C. § 19–2132(c).

■ While Avila is correct that the text of Instruction 11 does not specifically tell the jury which charge to proceed to if the jury did not find Avila guilty of the charged crime, two other instructions *did* inform the jury how to consider lesser included offenses. Instruction 10 states:

If your unanimous verdict is that the defendant is not guilty of SEXUAL BATTERY OF A CHILD INVOLVING LEWD CONDUCT, you must acquit the defendant of that charge. In that event, you must next consider the included offense of SEXUAL BATTERY NOT INVOLVING LEWD CONDUCT.

Instruction 13 states:

If your unanimous verdict is that the defendant is not guilty of Sexual Battery of a Child not involving lewd conduct, you must acquit the defendant of that charge. In that event, you must next consider the included offense of Battery.

Instructions 10 and 13 correctly instructed the jurors on how and under what circumstances to consider lesser offenses for which they could find Avila guilty.

## III.

## CONCLUSION

Avila has shown no error either in the admission of evidence or in the jury instructions that were utilized at his trial. Therefore, the judgment of conviction is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.