**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40063**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 380** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: February 28, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **FRANK SCOTT OSTERHOUDT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge. Hon. Thomas Kershaw, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, affirming judgment of conviction for malicious injury to property, <u>affirmed</u>.

Marilyn Paul, Chief, Twin Falls County Public Defender; Nathan Austin, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Frank Scott Osterhoudt appeals from the district court's order, on intermediate appeal, affirming Osterhoudt's judgment of conviction for malicious injury to property. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In June 2011, a restaurant hosted a poker league and issued chips to players. The game was set up on an outside deck of the restaurant. Osterhoudt arrived at the restaurant around 8:00 p.m. and participated in the league. At approximately 9:45 p.m., Osterhoudt and a friend went to the men's restroom, taking their chips with them. Another player notified the administrator of this, at which time the administrator followed them to the restroom. Outside the restroom, the administrator observed their chips sitting on a ledge. The administrator informed

1

them that this was not permitted, at which point Osterhoudt became hostile. As Osterhoudt walked toward the administrator, Osterhoudt cursed at her. Osterhoudt's friend then stepped in the middle of the two and attempted to diffuse the confrontation. The administrator began to walk away, following the friend back outside to the deck. Osterhoudt turned and walked the other way, heading down the hallway toward a glass covered door--the only other exit from the hallway. As the administrator walked outside onto the deck, she heard a loud banging sound. When she turned around and walked toward the glass door, she saw that it had been shattered. At this time, the only other person in the restaurant was the bartender, but the bartender was in another room. The administrator did not witness Osterhoudt strike the door. However, she later testified that it was, at the most, five seconds from when she lost visual contact with Osterhoudt until she heard the back door shatter. Osterhoudt fled the scene.

An officer responded to the restaurant and then travelled to another location where Osterhoudt was located. The officer observed that Osterhoudt appeared angry, smelled of alcohol, and used vulgar invective directed toward the restaurant. Officers arrested and cited Osterhoudt with malicious injury to property, I.C. § 18-7001, for damaging the door at the restaurant. Prior to trial, Osterhoudt filed a motion in limine. As pertinent here, the magistrate ruled that the state could introduce evidence of the arresting officer's observations of Osterhoudt, along with statements Osterhoudt made.[1] A jury found Osterhoudt guilty and Osterhoudt appealed. The district court affirmed Osterhoudt's judgment of conviction on appeal. Osterhoudt again appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the

---

[1] Osterhoudt had subsequently been involved in an altercation with another individual and an officer after leaving the restaurant. This evidence was ruled inadmissible by the magistrate, and was not presented to the jury.

conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

## III.

## ANALYSIS

### A.    I.R.E. 404(b) Evidence

Osterhoudt argues that the magistrate erred by allowing I.R.E. 404(b) evidence in at trial because the state failed to serve the required notice of intent and no permissible basis existed for allowing such evidence. Specifically, Osterhoudt argues that evidence of his intoxication, his statements,[2] and his demeanor upon contact with police that evening were inappropriately put before the jury.

The evidence rule in question, I.R.E. 404(b), provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). *See also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of a prior crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must

---

[2]    While Osterhoudt characterizes these statements as "un-*Mirandized* . . . while under arrest," he does not support this contention on appeal with either argument or authority. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we do not address this issue.

consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190.

First, we address Osterhoudt's argument that the state failed to provide adequate notice. This is an issue that was not argued before the magistrate.[3] Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). Here, Osterhoudt does not contend that this alleged error is fundamental. Therefore, we do not consider this issue on appeal.

Next, we discuss the nature of the alleged Rule 404(b) evidence. In this case, Osterhoudt does not challenge the existence of his angry demeanor, signs of intoxication, or statements upon contact with police as an established fact. Therefore, we address only the relevancy and unfair prejudice issues. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

One permissible purpose under Rule 404(b) is to complete the story of the alleged offense by putting it into context with temporally and spatially related events. *State v. Blackstead*, 126 Idaho 14, 18, 878 P.2d 188, 192 (Ct. App. 1994). This is sometimes referred to as the *res gestae* of the crime. *See id.* In *Blackstead*, the defendant was charged with lewd and lascivious conduct with a minor under sixteen years of age. *Id.* at 16, 878 P.2d at 190. At trial, the state presented evidence that, before and after the charged act occurred, the defendant provided drugs to the victim. On appeal, the defendant argued that this was impermissible evidence under Rule

---

[3] The Rule 404(b) evidence was addressed pursuant to Osterhoudt's motion in limine prior to trial. The notice issue was not raised.

404(b). This Court held that the evidence regarding drug use was "inextricably connected with the charged sexual offense" and that "disclosure of the drug use was necessary in order to give the jury a full explanation of how the sexual conduct came about." *Id.* at 18, 878 P.2d at 192.

Here, as in *Blackstead,* the conduct of Osterhoudt following his departure from the restaurant is inextricably connected with the charged offense. The observations of the officer were made within half an hour after Osterhoudt left the restaurant and are consistent with observations of the administrator of the poker league--that Osterhoudt was intoxicated and acting in a confrontational manner. The testimony from the officer was likewise necessary to give the jury a full explanation of Osterhoudt's alleged state of mind around the time of the offense and was particularly relevant to prove that Osterhoudt damaged the door maliciously. Therefore, the evidence was relevant to a material issue other than Osterhoudt's character.

The magistrate also properly balanced the probative value of this testimony against possible unfair prejudice under I.R.E. 403. The magistrate limited the scope of the officer's testimony regarding the subsequent altercation to that information tending to establish Osterhoudt's state of mind and course of conduct that evening. Osterhoudt has not shown the magistrate abused its discretion in admitting this evidence.

### B.    Coercive Action by Magistrate

Osterhoudt next argues that the magistrate erred by coercing him to proceed with trial without calling a potential exculpatory witness in his case. The facts giving rise to this argument are as follows. During trial, Osterhoudt's friend, present at the restaurant the evening of the incident, approached Osterhoudt's attorney for the first time. The friend indicated the state had misrepresented the comments the friend had made the night of the incident. This witness had not been previously disclosed during discovery. After informing the magistrate and the state about this contact, Osterhoudt indicated he may desire to call the friend as a witness. The state objected on account of inadequate notice. The magistrate ruled that in the interest of fairness to Osterhoudt that the witness would be allowed to testify. The magistrate then afforded the state an opportunity to speak with the witness before proceeding. After briefly speaking with the witness, the state informed the magistrate it was not prepared to meet the substance of the proposed testimony and indicated it would seek a mistrial if the witness was permitted to testify. The magistrate indicated it had a number of trials lined up that week and was anxious to get them

out of the way. The following colloquy then took place between the magistrate and counsel for Osterhoudt:

> THE COURT:      What do you think, [counsel]?
> [COUNSEL]:      I mean, this is definitely the eleventh hour, unknown to both of us. I think that probably at this point we just would let the court know that we will not call him as a witness. We won't use him. You don't need to bring in rebuttal witnesses; we'll just move forward.

These facts demonstrate that Osterhoudt's claim is without merit. The state, rather than the magistrate, introduced the specter of moving for a mistrial. The magistrate did not comment on that possibility in any regard. Osterhoudt then withdrew from his position of calling the witness. Therefore, the record establishes that Osterhoudt waived his right to call this witness, and the magistrate did not coerce him into waiving that right.

Osterhoudt further argues that previous adverse rulings from the magistrate, the demeanor and language of the magistrate, and the language contained in the pretrial and trial orders indicated that the court would grant the state's motion for mistrial and, thus, Osterhoudt did not have a meaningful, voluntary, or knowing opportunity to present the jury with his version of the case. The record does not support these assertions, and this argument is without merit.

## C.      Sufficiency of the Evidence

Osterhoudt argues that the evidence adduced at trial, excluding that to which he assigns error, was insufficient to support a verdict of guilty beyond a reasonable doubt. The state argues that there was sufficient circumstantial evidence to support the jury's verdict.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

In this case, the state was required to prove that Osterhoudt maliciously injured the property of another. The magistrate also instructed the jury that "malice and maliciously mean the desire to annoy or injure another or the intent to do a wrongful act." Viewing the evidence in a light most favorable to the state, the following was adduced at trial. Osterhoudt was intoxicated and acting in a disruptive manner at the restaurant. When confronted by the administrator for taking poker chips to the restroom and away from the table, Osterhoudt became angry, uttered expletives, and walked toward the administrator. Next, each turned to walk different directions. Within seconds, the administrator heard a loud banging sound and subsequently found the door which Osterhoudt has been walking toward was shattered. The only other individual in the restaurant at the time was the bartender, who was in another room. Osterhoudt then fled the scene. When approached by police, Osterhoudt used vulgar invective directed towards the restaurant and continued to act in an angry, intoxicated manner. This evidence was sufficient for a jury to find Osterhoudt guilty of the crime of malicious injury to property.

## IV.

## CONCLUSION

Osterhoudt has failed to show an abuse of discretion by the magistrate in admitting the testimony from the officer regarding Osterhoudt's statements, conduct, and demeanor upon contact with police. Osterhoudt's claim that the magistrate coerced him into not calling a potential witness is belied by the record. Last, substantial evidence exists upon which a reasonable trier of fact could have found that the prosecution sustained its burden. Therefore, we affirm the district court's order, on intermediate appeal, affirming Osterhoudt's judgment of conviction for malicious injury to property.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**