# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39460

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 565 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 2, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GARY LOUIS COE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction for aggravated assault with the use of a deadly weapon, <u>affirmed</u>.

Robyn Fyffe of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Gary Louis Coe appeals from his judgment of conviction for aggravated assault with the use of a deadly weapon. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In November 2010, Coe was involved in an altercation at a bar in Post Falls. Coe and another patron (the victim) exited the bar to continue the confrontation, at which time Coe placed a loaded gun to the victim's neck. At trial, Coe testified that this was in response to the victim reaching into his pocket for what Coe thought to be a weapon. At trial, the victim testified that, immediately upon leaving the bar, Coe placed the gun to the victim's neck unprovoked. The bar owner, who had followed the two outside, lunged and grabbed the gun, directing it toward the sky. During this sequence of events, the gun fired into the air. The bar owner then took the gun from Coe, instructed Coe to leave, and called the police. Coe was later arrested and charged with

1

aggravated assault, I.C. §§ 18-901 and 18-905(b), and use of a deadly weapon, I.C. § 19-2520. A jury found Coe guilty of aggravated assault with the use of a deadly weapon. The district court imposed a unified sentence of ten years, with a minimum period of confinement of two years, but suspended the sentence and placed Coe on probation for two years. Coe appeals.

## II.

## ANALYSIS

### A.     Character Evidence

Coe argues that the district court erred in refusing to allow character evidence regarding his traits for being kind, caring, and generous. The state argues the district court properly refused this evidence under I.R.E. 404(a)(1).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. However, evidence of a person's trait of character is generally not admissible for the purpose of proving that the person acted in conformity with that trait on a particular occasion. I.R.E. 404(a). As an exception to this rule, however, criminal defendants are allowed to present evidence of a pertinent trait of character in defense of a charge. I.R.E. 404(a)(1); *State v. Bailey*, 117 Idaho 941, 942, 792 P.2d 966, 967 (Ct. App. 1990). In this context, the word "pertinent" is generally synonymous with "relevant." Thus, a pertinent character trait is one that is relevant to the crime charged by making any material fact more or less probable. *See State v. Hernandez*, 133 Idaho 576, 583, 990 P.2d 742, 749 (Ct. App. 1999); *accord State v. Martinez*, 195 P.3d 1232, 1240 (N.M. 2008); 22A CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE & PROCEDURE: EVIDENCE § 5236, p. 209 (2012). Where error concerns evidence omitted at trial, the test is whether there is a reasonable possibility that the lack of excluded evidence might have contributed to the conviction. *State v. Harris*, 132 Idaho 843, 847, 979 P.2d 1201, 1205 (1999); *State v. Pressnall*, 119 Idaho 207, 209, 804 P.2d 936, 938 (Ct. App. 1991).

Here, assuming arguendo that the district court erred in refusing to allow testimony regarding Coe's reputation for being kind, caring and generous, there is no reasonable possibility that the error could have contributed to the conviction. The district court allowed testimony regarding Coe's reputation for peacefulness. Allowing any further testimony that Coe was also kind, caring, and generous would have been redundant and would not have had any greater or

differing effect upon the jury. Furthermore, the evidence against Coe at trial was strong. The victim testified that, immediately upon leaving the bar, Coe placed the gun to the victim's neck. While Coe testified his actions were in response to the victim reaching into his pocket, the state effectively impeached Coe's credibility, pointing out several different versions of events provided by Coe. The jury rejected Coe's theory of self-defense, and the added testimony would not have had any effect on the jury's perception of Coe's credibility. Thus, upon the record before us, we conclude that there is no reasonable possibility that the alleged erroneous exclusion of the proffered testimony contributed to the verdict. Accordingly, any error was harmless beyond a reasonable doubt.

**B.      Jury Instructions**

Coe argues that the district court erred by instructing the jury separately on the elements of aggravated assault and the definition of assault. Coe contends this could have confused the jury and allowed them to find Coe guilty without finding the victim had a well-founded fear that violence was imminent. The state argues that the instructions correctly stated the law and did not mislead the jury.

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). We presume that the jury followed the district court's instructions. *See State v. Kilby,* 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996).

A requested instruction must be given if: (1) it properly states the governing law; (2) a reasonable view of at least some evidence would support the defendant's legal theory; (3) the subject of the requested instruction is not addressed adequately by other jury instructions; and (4) the requested instruction does not constitute an impermissible comment as to the evidence. *State v. Henry*, 138 Idaho 364, 367, 63 P.3d 490, 493 (Ct. App. 2003). Because the propriety of a jury instruction is a question of law, on appeal we exercise free review. *State v. Avila*, 137 Idaho 410, 414, 49 P.3d 1260, 1264 (Ct. App. 2002). Jury instructions are viewed as a whole, not individually, to determine whether the jury was properly and adequately instructed on the applicable law. *State v. Rozajewski*, 130 Idaho 644, 646, 945 P.2d 1390, 1392 (Ct. App. 1997).

To be reversible error, the instructions as given must mislead the jury or prejudice the defendant. *State v. Macias*, 142 Idaho 509, 510, 129 P.3d 1258, 1259 (Ct. App. 2005).

In this case, the district court utilized the Idaho Criminal Jury Instructions recommended by the Idaho Supreme Court. As pertinent here, Instruction 11 stated:

> In order for the defendant to be guilty of AGGRAVATED ASSAULT the State must prove each of the following:
> 1. On or about 15th day of November, 2010;
> 2. in the state of ldaho;
> 3. the defendant GARY LOUIS COE committed an assault on [victim];
> 4. the defendant committed that assault with a deadly weapon or instrument.
>
> If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty. If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty.

Instruction 12 immediately followed Instruction 11 and read as follows:

> An "assault" is committed when a person:
> Intentionally and unlawfully threatens by word or act to do violence to the person of another, with the apparent ability to do so, and does some act which creates a well-founded fear in the other person that such violence is imminent.

Both of these instructions utilize the appropriate statutory language and appear in immediate sequence to one another. There is nothing confusing about the term "assault" used in Instruction 11 because it is defined in the immediately following Instruction 12. Moreover, the jury was also instructed to consider the instructions as a whole and not to pick out certain instructions and disregard others. We presume the jury followed these instructions. Thus, we hold the jury was properly instructed as to the applicable law and the given instructions did not mislead the jury.

## C.   Cumulative Error

Coe also contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Coe has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine.

4

### III.

### CONCLUSION

Even assuming the district court erred in refusing to admit general character evidence that Coe is kind, caring and generous, we are convinced beyond a reasonable doubt the jury would still have found Coe guilty. The jury instructions correctly stated the law and did not mislead the jury. The cumulative error doctrine does not apply as Coe has not demonstrated at least two errors. Therefore, Coe's judgment of conviction for aggravated assault with the use of a deadly weapon is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**