IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41345

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 864 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 16, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THOMAS D. HENDREN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Michael J. Griffin, District Judge.

Judgment of conviction for aggravated battery, affirmed.

Danny J. Radakovich, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

MELANSON, Judge

Thomas D. Hendren appeals from his judgment of conviction for aggravated battery. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Hendren was outside his house when the victim in this case drove past in his vehicle. One of the two yelled and made an obscene gesture at the other and the victim turned his vehicle around. As the victim was driving back toward Hendren's house, Hendren retrieved a baseball bat from his pickup. The victim stopped his vehicle on the road in front of Hendren's house and an altercation took place in which the victim was severely beaten.[1] The victim claimed he was struck with a bat, while Hendren claims he only used his fists and feet to strike the victim. The

_____

[1] At some point during the altercation, the victim reached under the seat of his vehicle and retrieved a gun, but immediately placed it back under the seat. The record indicates that the gun was never wielded in a threatening manner. The testimonies conflict as to whether the gun was retrieved before or after Hendren began beating the victim.

state charged Hendren with aggravated battery and he pled not guilty. Hendren proceeded to trial and a jury found him guilty of aggravated battery. Hendren then filed a motion for judgment of acquittal or, in the alternative, a new trial. The district court denied Hendren's motion and he appeals.

## II.

## ANALYSIS

Hendren appeals, asserting three grounds. First, Hendren contends that the district court erred in refusing to allow testimony at trial that he retrieved a bat from his pickup because of the victim's purported drug use. Second, Hendren contends that the district court erred in denying his motion for a new trial in light of the erroneously excluded testimony regarding the victim's purported drug use. Third, Hendren claims the district court erred in denying his motion for acquittal because there was insufficient evidence to support the jury's guilty verdict.

### A. Excluded Testimony

Hendren argues that the district court erred in excluding Hendren's statement that he retrieved a baseball bat from his pickup when he saw the victim drive back toward Hendren "because of the meth and prescription drugs these guys are on." The state objected and moved the district court to strike Hendren's statement, arguing that the district court was required to exclude Hendren's statement because it was evidence of the victim's prior bad acts, which was inadmissible under I.R.E 404(b). The district court granted the motion to strike, citing I.R.E. 404(b) and explaining that the statement was irrelevant and prejudicial.

#### 1. Idaho Rule of Evidence 404(b)

Hendren argued at trial that the district court was not required to exclude the statement under I.R.E. 404(b) because it was being offered to prove Hendren's state of mind when he retrieved the bat from his pickup, not to prove the victim's character or conformity therewith. Idaho Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

2

This rule prohibits introduction of evidence of a person's prior acts if the evidence's probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). *See also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of a prior crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

After the state objected to Hendren's testimony, the district court excused the jury and provided each party an opportunity to explain its position on whether the testimony should have been allowed. In response to the state's argument that the evidence should be excluded as character evidence under I.R.E. 404(b), Hendren's counsel explained:

> Well, Your Honor, I guess I disagree. Nothing is not offered for any reason other than why he would have a bat, and I think that's one of the essential elements to this. And that would just be what his belief was. I don't think he has any evidence of that. That was just his belief of it. In all honesty I didn't know that that's what his response was going to be, but I don't think it's an inappropriate response given the circumstances of this case and why someone would come back, walking back with a bat. And I think the reason I ask the question is because I think the jury should know why he did that as opposed to carrying the bat uploaded for bear.

Hendren's testimony (that the victim used methamphetamine and prescription drugs) was offered as evidence of his own state of mind--specifically, why Hendren felt the need to arm himself with a baseball bat. It was not offered to show that the victim "acted in conformity therewith." Had Hendren's testimony been offered to prove that the victim was under the influence of drugs at the time of the altercation, the purpose of the testimony would have been to prove that the victim acted in conformity therewith and would have been governed by I.R.E. 404(b). In this case, we agree with Hendren that his testimony was offered for a purpose other than to prove conformity and, therefore, was not character evidence governed by I.R.E. 404(b).

### 2. Relevance

The district court excluded Hendren's statement, explaining that drugs and the use of drugs were unrelated, or irrelevant, to the disputed issue of battery. Under I.R.E. 402, relevant evidence is admissible unless excluded by another rule, while evidence that is not relevant is not admissible. Evidence is relevant if it has any tendency to make the existence of any fact that is

3

of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401. The disputed issue in this case was whether Hendren struck the victim with a baseball bat. The issue was not why Hendren was carrying the bat and, therefore, Hendren's testimony was not relevant to whether he struck the victim with the baseball bat.

Hendren argues, however, that he was attempting to establish a defense of self-defense and that the victim's purported drug use was relevant to why Hendren feared for his safety, causing him to retrieve the baseball bat. Hendren's argument is without merit because he failed to make an offer of proof to establish a connection between the victim's purported drug use and Hendren's fear for his own safety. To that point, Hendren explained in his appellant's brief that "we all see in the newspaper virtually daily how drug-addled people killed or injured others. It is part of the information we take in about our society." Hendren's argument relies on the presumption that those who use methamphetamine or prescription drugs are, per se, violent threats to others. The district court, however, was properly disinclined to make such a leap in logic. After granting the motion to strike, the district court explained that, "if he's fearful for physical safety, yes, that would be relevant to the charge in this case." In response to the district court's direction, and before the jury returned, the following exchange took place:

| | |
|---|---|
| [Counsel]: | And I understand that. May I do this now before we get back? |
| [Court]: | Yes. |
| [Counsel]: | Mr. Hendren, did you get the bat because you were fearful for your safety? |
| [Hendren]: | Yes. It was the drugs, and it really honest was. I even told the cop. |
| [Counsel]: | Well, just a minute. But the rationale for your getting the bat was you were fearful for your safety? |
| [Hendren]: | Yeah. |
| [Counsel]: | Can you just testify to that and not add anything about drugs? |
| [Hendren]: | Well, what about when I said it to the cops? |
| [Counsel]: | Nothing about the drugs. |
| [Hendren]: | Okay. |
| [Counsel]: | Will that be okay, Your Honor? |
| [Court]: | Yes. |

The jury was brought back in and Hendren's counsel asked him a single question regarding why he retrieved the baseball bat:

| | |
|---|---|
| [Counsel]: | Mr. Hendren, just to clarify that, you had the bat because you were fearful for your personal safety? |
| [Hendren]: | Yeah. |

4

The district court determined that Hendren's testimony about the victim's purported drug use was not relevant as presented. Hendren failed to make an offer of proof explaining why the victim's purported drug use was relevant and how it was connected to Hendren's fear for his safety. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Therefore, we hold that the district court did not err in holding that the victim's purported drug use was not relevant to a material, disputed fact in the case.

### 3. Unfair Prejudice

The district court also held that Hendren's statement was excluded because it was "prejudicial." Rule 403 allows the trial court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. I.R.E. 403. As described above, the statement was not relevant to a material, disputed fact in the case. Thus, the statement had very little probative value, if any. On the other hand, there was substantial risk of tainting the jury by portraying the victim as an unpredictable drug user, necessitating wielding a baseball bat when he approaches. The probative value of the statement was substantially outweighed by the danger of unfair prejudice to the state's case. Because Hendren's statement that he retrieved the bat because of the victim's purported drug use was both irrelevant and unfairly prejudicial, we hold that Hendren has failed to show that the district court erred in excluding the evidence.

## B. Motion for a New Trial

Hendren asserts that the district court erred in denying his motion for a new trial. Hendren bases his challenge upon the same argument addressed above--that the district court erred in excluding Hendren's statement that he retrieved a bat from his pickup because of the victim's purported methamphetamine and prescription drug use. A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of

reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993). As explained above, Hendren has failed to show that the district court erred in excluding Hendren's statement regarding the victim's purported drug use. Therefore, the district court did not abuse its discretion in denying Hendren's motion for a new trial based upon the evidence having been excluded.

## C.     Sufficiency of the Evidence

Hendren argues that the verdict was not supported by the evidence and, therefore, the district court erred in denying his motion for acquittal. Specifically, Hendren asserts that inconsistencies in the witnesses' testimonies regarding how many times the victim was struck with the bat and whether the victim's pickup door was open at the time the victim was struck, require acquittal. Idaho Criminal Rule 29 provides that, when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The jury was presented with Hendren's testimony that he retrieved a baseball bat from his pickup prior to the confrontation with the victim. In addition, the jury saw many images of the

6

victim's injuries, including long bruises consistent in size and shape to Hendren's baseball bat. The jury was also presented with the testimony of a witness who observed Hendren standing with a baseball bat in his hand in the same area as the victim, who was lying on the ground. Two witnesses testified that they observed Hendren strike the victim with the bat. Considering the evidence in the light most favorable to the prosecution, we hold that there was substantial evidence presented at trial upon which a reasonable jury could have found, beyond a reasonable doubt, that Hendren was guilty of aggravated battery for striking the victim with a bat. Therefore, the district court did not err in denying Hendren's motion for acquittal.

## IV.
## CONCLUSION

We hold that the district court did not err in excluding Hendren's statement regarding the victim's purported drug use. Accordingly, we hold that the district court did not err in denying Hendren's motion for a new trial based upon the statement being omitted. We also hold that there was substantial evidence to support the jury's verdict of guilty of aggravated assault. Therefore, Hendren's judgment of conviction for aggravated battery is affirmed.

Chief Judge GUTIERREZ, **CONCURS**.

Judge LANSING, **CONCURS IN THE RESULT**.