534 P.2d 1107
**STATE of Idaho, Plaintiff-Respondent,**
v.
**Charles Rex IZATT, Defendant-Appellant.**
**No. 11711.**

Supreme Court of Idaho.

May 9, 1975.

**668**

Vern E. Herzog, Jr., Pocatello, for defendant-appellant.

Wayne Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

The defendant appellant Charles Rex Izatt has appealed from the judgment of conviction entered against him upon a jury verdict finding him guilty of the crime of rape. Izatt and a co-defendant, Monte Weeks, were jointly tried for the rape of a young woman who was the state's principal witness at the trial. During the course of her testimony, she described how both Izatt and Weeks had forced her to engage in intercourse with them against her will and how Weeks had forced her to perform fellatio upon him against her will. Izatt argues that since he and Weeks were charged only with the crime of rape and not also charged with the commission of a crime against nature that it was prejudicial error to allow the complaining witness to testify, over the defendants' objection, that she had been forced to engage in fellatio, an act included within the statutory prohibition against crimes against nature, thereby introducing evidence of a defendant's commission of a crime for which he was not being tried. He further argues that

having allowed such testimony into evidence, it was prejudicial error for the trial judge to fail to give an instruction to the jury limiting the purposes for which this testimony could be considered. For the reasons hereinafter set forth, we reject these arguments and affirm the conviction of the defendant appellant.

Before beginning an analysis of the issues involved, we will outline the complaining witness's testimony, which the jury apparently believed. She was a resident of the Boston area who had been touring the western United States and Canada in the summer and early autumn of 1973. For the most part she had been traveling by bus, but because buses did not serve portions of Canada and the American national parks that she was visiting, she had upon occasion hitchhiked from one place to another in her travels. After missing a 10:00 a. m. bus that was to take her from Logan, Utah, north toward Teton National Park, her intended destination, she had begun hitchhiking from Logan north toward Jackson, Wyoming, in an effort to get to Teton Park. Near Smithfield, Utah, she had accepted a ride from the defendant Izatt and rode north with him for some distance until he left her on the highway when he turned from that road. While she was riding with him he had told her that he was to meet a friend with whom he was planning to go fishing in Idaho and that they would be coming along that road some time later. He said he would give her a ride if she was still hitchhiking along that road when he later came by.

After she left Izatt's car, the complaining witness was given a ride by another motorist who took her approximately seventeen miles farther up the road and then let her off. At that time the defendant Izatt and the defendant Weeks, who was a passenger in Izatt's car, appeared, honking the horn of the car, and asking her if she wanted a ride. She accepted, and they proceeded north to Preston, Idaho, where the defendants purchased soft drinks to mix with the liquor that they had brought with them. They then drove to Swan

Lake, Idaho, where Izatt told her that there was a main highway nearby and that they would take her to that highway because that was where she would have the best luck hitchhiking. They turned onto a dirt road which was described to her as a shortcut to reach the main highway. The dirt road they drove upon deteriorated in quality the farther they traveled along it, and eventually ended in a spot miles from the last signs of habitation. She said she had become increasingly nervous the farther they traveled along the road, especially when they stopped the car at the end of the road.

The complaining witness testified that after they stopped, Izatt pulled her out of the car, began kissing her and removing her blouse. Izatt then ordered her to remove the rest of her clothing. Weeks, who had been nearby carving her initials and the date upon a tree, came over to them and held his knife close to her face. She testified that she was in fear for her life and she removed her clothing.

The complaining witness testified that Izatt then told her, "Monte wants you first." Weeks then came over to her. She testified that, "He [Weeks] told me to sit down, and he got down, and he unzippered his pants . . .." At this point the defendants objected to the introduction of any testimony concerning oral copulation for the reason that the defendants had been charged only with rape, an offense involving sexual intercourse, and that allowing into evidence testimony linking Weeks with oral sexual offenses was highly prejudicial to the charge upon which the defendants were being tried. The trial judge noted the objection as a continuing objection, overruled the objection, and the complaining witness gave the following testimony.

The prosecutrix said Weeks held the knife at her throat and forced her to engage in sexual intercourse and fellatio several times. This continued for approximately half an hour during which time

Weeks held the knife in his hand. Immediately afterwards, Izatt, who also held a knife, forced her to engage in intercourse with him. Then Weeks forced her to again perform fellatio upon him as he held the knife at her throat.

After this the complaining witness asked if she could dress, but was told she wasn't going anywhere. Weeks and Izatt then engaged in considerable discussion upon the matter of whether she was to be allowed to live, during which time she was begging with them not to kill her, promising that she would not go to the police if they released her. They finally allowed her to dress and they all returned to the car and drove back to the main highway. She was released near Preston, Idaho, where she asked a passing motorist to take her to the nearest town with a hospital or an airport. She was driven to Downey, Idaho, but the doctor was not there, so they returned to Preston where the motorist took her to the police who then took her to the hospital.

The defendants each admitted to a single act of sexual intercourse with the prosecutrix but contended that it was consensual. They denied that portion of her testimony regarding fellatio. Izatt first argues that since it is a general rule that evidence tending to show commission of a crime other than the crime for which the defendant is being tried is inadmissible that it was prejudicial error to allow the complaining witness to testify that Weeks forced her to engage in fellatio, an act which is included within those acts described as crimes against nature. Izatt further argues that because this testimony does not fit into any of the exceptions to this general rule which we enumerated in the case of State v. Shepherd, 94 Idaho 227, 486 P.2d 82 (1971), that there was no basis upon which this testimony could be admitted into evidence.

█. We agree with Izatt that the act of fellatio is included within the statutory definition of crimes against nature con-

tained in I.C. §§ 18–6605, 18–6606. State v. Carringer, 95 Idaho 929, 523 P.2d 532 (1974); State v. Larsen, 81 Idaho 90, 337 P.2d 1, cert. denied, 361 U.S. 882, 80 S.Ct. 154, 4 L.Ed.2d 119 (1959). We also agree that in Shepherd, *supra,* we said that:

"[E]vidence of other crimes by the defendant is admissible when relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of the one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial, and (6) other similar issues." 94 Idaho at 230, 486 P.2d at 85.

But we do not agree that the introduction of the evidence here in question does not fall within an exception concerning introduction of evidence of other crimes regardless of whether this exception fits neatly into one of the categories we listed in *Shepherd.* As was well stated in the Colorado Supreme Court in Monge v. People, "[a]ll facts inseparably connected to the chain of events of which the act charged in the information is a part are admissible even though the full story shows the commission of other crimes," Monge v. People, 158 Colo. 224, 406 P.2d 674, at 678 (1965). We adopt that rule.

■ The state is entitled to present a full and accurate account of the circumstances of the commission of the crime, and if such an account also implicates the defendant or defendants in the commission of other crimes for which they have not been charged, the evidence is nevertheless admissible. The jury is entitled to base its decision upon a full and accurate description of the events concerning the whole criminal act, regardless of whether such a description also implicates a defendant in other criminal acts. As the Supreme Court of Oregon said in State v. Sikes, 247 Or. 249, 427 P.2d 756 (1967), quoting from the earlier Oregon case of State v. Weitz-

el, 157 Or. 334, 69 P.2d 958 (1937), in holding that it was not prejudicial error to allow the prosecuting witness in a rape trial to testify that the defendant had forced her to perform oral sodomy upon him,

"'* * * The law is well settled that, when several criminal acts are so connected with the defendant, with respect to time and locality, that they form an inseparable transaction, and a complete account of the offense charged in the indictment cannot be given without detailing the particulars of such other acts, evidence of the entire transaction is admissible, even though it may disclose the commission of another crime. (Citations omitted).'" 427 P.2d at 757.

■ Several other states have adopted the same rule. E. g., People v. Ford, 81 Cal.App.2d 580, 184 P.2d 524 (1947); State v. Shumate, 478 S.W.2d 328 (Mo. 1972); State v. Foley, 55 N.M. 590, 237 P.2d 1033 (1951). We conclude that under the circumstances of this case it was not prejudicial error to allow the testimony into evidence.

■ Izatt's other argument is that once the testimony was admitted into evidence, it was error for the district court to fail to instruct the jury that the evidence in question had only been admitted for and could only be considered for limited purposes. He argues that our holding in State v. Beason, 95 Idaho 267, 506 P.2d 1340 (1973), that "the trial court [must] give, on its own motion, pertinent instructions by which the jury may be correctly informed with respect to the nature and elements of the crime charged . . .," 95 Idaho at 275, 506 P.2d at 1348, required the trial court to give such an instruction to the jury. We disagree. Our holding in *Beason* reaffirms our longstanding rule that the trial court must correctly instruct the jury as to the law concerning the crime for which the defendant is charged, State v. Freeman, 85 Idaho 339, 379 P.2d 632 (1963); State v. Patterson, 60 Idaho 67, 88

P.2d 493 (1939); but we went on to say in *Beason* that "if the accused desires additional instructions on a particular point, he must submit a request encompassing a correct statement of the law on the point he desires covered." 95 Idaho at 275, 506 P. 2d at 1348. The trial court properly instructed the jury upon the law concerning the crime of rape, and the failure to give a limiting instruction concerning the testimony in question did not leave the jury misinformed with respect to the nature and elements of the crime of rape. Therefore, the failure to give such a limiting instruction was not error.

Judgment affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.