**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42760**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 410** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 2, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **THOMAS JOHN KRALOVEC,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Deborah A. Whipple, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgenson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Thomas John Kralovec appeals from his judgment of conviction for battery on a correctional officer/jailer. On appeal, Kralovec alleges there was insufficient evidence to support the conviction. He further argues the district court erred in admitting an audio recording of his interaction with a law enforcement officer prior to the battery and that the district court abused its discretion during sentencing. For the reasons set forth below, we affirm.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Evidence presented at trial included the following: A Boise City police officer contacted Kralovec after observing him walking down a busy street during a snowstorm. During this interaction, Kralovec began acting belligerently towards the officer and refused to comply with the officer's instructions. Kralovec was eventually arrested for resisting and obstructing arrest

1

and public intoxication. While being transported to the Ada County Jail, Kralovec continued to be antagonistic towards the officer. After arriving at the jail, Kralovec was non-compliant and combative, requiring a number of sheriff's deputies to assist with the processing and booking procedures. Four deputies took turns restraining him while removing socks, shoes, belt, jacket, and handcuffs so Kralovek could be left alone in the holding cell. This process required that Kralovec be placed in a prone position on a bench in the holding cell while the deputies placed his legs in a "figure four leg trap." However, at some point, Kralovec's right leg got loose from the restraint and he kicked his leg out. A microphone was detached from one deputy's chest. A second officer sustained a shoulder injury, and he was transported to the hospital for medical treatment. Kralovec was charged with battery on a correctional officer/jailer for allegedly kicking the deputy in the shoulder and causing the injury.

In a pretrial ruling, the district court granted the State's motion in limine allowing the State to utilize the audio recording of Kralovec's interaction with the Boise City police officer before the arrest and during the time Kralovec was being transported to the jail. This recording was published to the jury in conjunction with the testimony of the arresting officer.

In addition, the jury heard testimony from all the law enforcement officers involved in the incident and watched the video of the incident at the Ada County Jail. Kralovec was found guilty and sentenced to a unified sentence of five years, with one year determinate. The sentence was suspended, and he was placed on supervised probation and ordered to serve ninety days in the Ada County Jail.

## II.

## ANALYSIS

Kralovec raises three issues on appeal. First, he argues there was insufficient evidence to support a conviction for battery on a correctional officer/jailer. Second, he argues the district court abused its discretion in admitting the audio recording of his interaction with the Boise City police officer prior to his arrival at the Ada County Jail. Finally, he argues the district court abused its discretion at sentencing by not reviewing the trial transcript or jail video prior to sentencing.

**A.      Sufficiency of the Evidence**

On appeal, Kralovec claims his conviction is not supported by sufficient evidence because the evidence presented to the jury fails to prove that Kralovec actually kicked the deputy, or that if the kick occurred, that Kralovec intended to kick the deputy.

Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the evidence in the light most favorable to the prosecution.  *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence.  *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969).  In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt.  *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

Kralovec's argument is focused on his claim that there was insufficient evidence for the jury to determine that a battery was committed or that Kralovec had the intent to commit the battery.  The jury was instructed, consistent with Idaho Code § 18-903, that a battery is committed when a person:  (1) willfully and unlawfully uses force or violence upon the person of another; or (2) actually, intentionally and unlawfully strikes another person against the will of the other; or (3) unlawfully and intentionally causes bodily harm to an individual.

At trial, the jail video was published to the jury, and the jury heard testimony from five sheriff's deputies that were involved in the incident.  Specifically, one deputy testified that Kralovec's foot got loose from the restraint and kicked across his chest, knocking the deputy's

3

radio loose from the clip holding the radio to the deputy's shirt. He further testified that after Kralovec's foot moved across his chest, the foot would have impacted with the injured deputy's shoulder. The injured deputy testified that prior to the kick, Kralovec was "thrashing around" including straining his legs against the restraint trying to get loose. He further testified that he both saw and felt the kick. The other deputies testified that the injured deputy was not injured before he went into the holding cell, but it was obvious he had been injured while in the cell.

The jury was presented with substantial evidence upon which it could have found that the State sustained its burden of proving the essential elements of the crime of battery beyond a reasonable doubt. Specifically, the evidence was sufficient for the jury to conclude that Kralovec kicked the officer and intended to do so. We cannot substitute our opinion for that of the jury to determine the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. The jury's verdict that Kralovec was guilty of battery on a correctional officer/jailer is supported by substantial evidence and is affirmed.

## B.     Admissibility of Evidence

Also at issue on appeal is Kralovec's claim that the district court abused its discretion in admitting the recording of Kralovec's interaction with the Boise City police officer prior to the arrest and during the transport to the Ada County Jail. The district court, in a pretrial ruling, determined the recording was *res gestae* evidence admissible because it provided context for Kralovec's behavior during the booking process at the jail. In an alternative ruling, the district court found the recording to be admissible as evidence of intent pursuant to Idaho Rule of Evidence 404(b).

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012). A lower court's determination under

4

I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

*Res gestae* is defined in part as "the events at issue, or other events contemporaneous with them." Black's Law Dictionary (10th ed. 2014). In *State v. Blackstead*, 126 Idaho 14, 18, 878 P.2d 188, 192 (Ct. App. 1994), we stated "*res gestae* refers to other acts that occur during the commission of or in close temporal proximity to the charged offense which must be described to 'complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings.' 1 McCORMICK ON EVIDENCE § 190, at 799." In *State v. Izatt*, 96 Idaho 667, 670, 534 P.2d 1107, 1110 (1975), the Idaho Supreme Court adopted the following rule:

> The state is entitled to present a full and accurate account of the circumstances of the commission of the crime, and if such an account also implicates the defendant or defendants in the commission of other crimes for which they have not been charged, the evidence is nevertheless admissible. The jury is entitled to base its decision upon a full and accurate description of the events concerning the whole criminal act, regardless of whether such a description also implicates a defendant in other criminal acts.

Of course, this rule is tempered by the limitations of I.R.E. 404(b) that provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009); *see also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other

acts that a reasonable jury could believe the conduct actually occurred. I.R.E. 404(b). If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. We exercise free review of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The district court did not abuse its discretion in admitting the audio recording. The court understood this to be a discretionary decision and applied the proper legal standards in arriving at its decision. The district court made specific findings of fact about the recording, including the finding that the recording contained repeated threats of physical violence towards the arresting officer, as well as detailing Kralovec's intoxication, belligerence, and refusal to comply with the directions of the officer. In addition, the district court correctly determined that the events on the recording occurred less than an hour before the incident at the jail and were closely connected temporally with the events at the jail, including Kralovec's refusal to cooperate with the deputies' instructions and the battery on the injured deputy. The district court's findings are supported by the record, and the decision to admit the recording as *res gestae* evidence was not an abuse of discretion because it is a reasoned decision consistent with the applicable legal standards.

6

The district court also made an alternative ruling and further determined the recording was admissible pursuant to I.R.E. 404(b). The court's findings reflect that it applied the applicable elements of that rule of evidence, and its findings are consistent with the legal standards applicable to I.R.E. 404(b). The court's following findings are supported by the record: (1) Kralovec did not deny the recording reflected his interaction with the Boise City police officer; (2) the recording was relevant to the issue of intent because it tended to show Kralovec's state of mind towards law enforcement officers, including the lack of cooperation with law enforcement directives and Kralovec's refusal to accept the basis for his arrest, before arriving at the jail; and (3) the recording was probative of Kralovec's intent because it demonstrates the repeated threats and refusal to cooperate. Finally, the district court determined that while the recording was prejudicial to Kralovec, the probative value was not substantially outweighed by unfair prejudice and it was admissible. We conclude that the district court engaged in the appropriate analysis, applied the correct legal standards to this decision and therefore, the admission of the audio recording was not an abuse of discretion.

C.     Sentencing

Prior to sentencing, Kralovec made an oral motion to have the senior judge that presided over the jury trial to also preside over the sentencing or, in the alternative, to have the assigned judge review an audio recording or transcript of the jury trial prior to sentencing.[1] The assigned judge denied the request because all necessary information would be included in the PSI or could be presented by the parties during sentencing. At the conclusion of the sentencing hearing, Kralovec confirmed with the assigned judge that he did not review a transcript of the jury trial or the jail recording. However, the district court stated that it reviewed the PSI, the addendum to the PSI, and relied on its familiarity with the case due to the pretrial motions and rulings. On appeal, Kralovec argues the district court erred by not reviewing the trial transcript or exhibits prior to sentencing, and he was prejudiced because the district court did not consider granting a

---

[1]     The State argues this issue was not preserved for appeal and is subject to the *Perry* fundamental error analysis because the extent of Kralovec's request was limited to the audio of the jury trial. However, the court minutes from a hearing held on October 24, 2014, indicate this issue was raised before the district court prior to sentencing and thus, preserved for appellate review. Kralovec did file two motions to augment the record on appeal to have the transcript from this hearing included in the record. Those motions were denied by the Idaho Supreme Court.

withheld judgment because it was not fully aware of the limitations of the State's evidence for the offense.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A district court has broad discretion in determining what evidence is to be admitted at a sentencing hearing. *State v. Gain*, 140 Idaho 170, 175, 90 P.3d 920, 925 (Ct. App. 2004). While a sentencing judge is granted latitude to consider a broad range of information when fashioning an appropriate sentence for a defendant, the defendant's right to due process is protected only when: (1) the defendant is afforded a "full opportunity" to present favorable evidence; (2) the defendant is given a "reasonable opportunity" to examine all materials contained in the presentence report; and (3) the defendant is afforded a "full opportunity" to explain and rebut adverse evidence. *State v. Morgan*, 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct. App. 1985). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Hedger*, 115 Idaho at 600, 768 P.2d at 1333.

8

The district court did not abuse its discretion at sentencing. The district court recognized that it had discretion as to what information it would consider in fashioning an appropriate sentence for the defendant and this crime, and it did consider the information presented in pretrial motions, the PSI, and the PSI addendum. In addition, the district court informed Kralovec that he would have the ability to present evidence at sentencing, if necessary; however, Kralovec did not seek to admit evidence during the sentencing hearing. Kralovec has not shown that the district court abused its discretion because he was provided a full opportunity to present evidence and to review and correct the PSI, as well as to explain or rebut any adverse evidence that might have come to the court's attention. The district court acted within the applicable boundaries of discretion and consistently with the applicable legal standards for sentencing.

## III.

## CONCLUSION

For the reasons set forth above, we affirm Kralovec's conviction because there was sufficient evidence to support the conviction. In addition, the district court did not abuse its discretion in admitting the audio recording as *res gestae* evidence of the charged offense. Finally, the district court did not abuse its discretion at sentencing. We affirm the judgment of conviction and sentence.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.