**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43357**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 60** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  September 12, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SCOTT JEFFERY SAMS,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Lynn G. Norton, District Judge.

Judgment of conviction for disturbing the peace, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Scott Jeffery Sams appeals from the judgment of conviction finding him guilty of disturbing the peace.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Sams invited an acquaintance ("T.O.") that he had previously met online to his home for a couple nights.  Sams testified that during this visit he noticed a box of his expensive prescription medication was missing.  He confronted T.O., who denied taking the missing pills. Two different accounts on what transpired thereafter were presented at trial.

T.O. testified that Sams had a knife and he told T.O. he was going to "gut me like a pig." Sams told T.O. to strip naked, and he complied.  Sams then threatened to kill him and lunged at him with the knife.  T.O. tried to get the knife away from Sams and when he succeeded, Sams started to scream for help.

1

Sams testified that T.O. stripped naked to show he did not take anything and then turned violent and began to shake and hit Sams. Sams then grabbed a knife off a shelf. Sams told T.O. to leave the house and the two struggled over the knife as T.O. attacked him. T.O. took control of the knife when Sams screamed for help and caused injury as he held it to Sams' chin.

After the altercation, T.O. left the house through the front door while Sams went into the garage to get a shovel and subsequently threw T.O.'s clothes out of the house. Sams' roommate testified that he was in the living room when Sams returned from the garage and Sams then accused the roommate of taking the pills. The roommate then locked himself in his room and called 911. Police arrived and walked Sams' roommate out of the house and detained and questioned T.O. Thereafter there was a lengthy standoff between the police and Sams that lasted approximately five hours before Sams exited the home and was taken into custody. Introduction of evidence relating to this standoff is the basis of this appeal.

The State charged Sams with felony aggravated assault, Idaho Code §§ 18-901(b) and 18-905(a), and felony use of a deadly weapon in the commission of a crime, I.C. § 19-2520. The jury acquitted Sams on the felony charges but found him guilty of the lesser-included offense of misdemeanor disturbing the peace. The district court sentenced Sams to 180 days in jail with credit for 107 days served and suspended the balance. The court placed him on supervised probations for two years. Sams timely appealed.

## II.

## ANALYSIS

After jury selection, Sams' counsel asked the district court to prohibit the State from presenting evidence relating to the standoff that occurred between Sams and the police. The court initially held the evidence relating to the standoff was admissible under Idaho Rule of Evidence § 404(b) for the purpose of showing proof of "identity or the absence of mistake or accident." Sams countered that if the evidence was going to be admitted pursuant to I.R.E. § 404(b), he was entitled to the requisite notice under the statute. When the court asked the State for a response to that point, the State answered:

> I'm not fairly sure why it would be 404(b), as it's all part and parcel to this incident, and so I don't think there's any need for the state to show anything beyond this is what happened here. Certainly, this is what happened directly after, as law enforcement's getting on scene. The roommate's even still in the house. I mean, this is all the same incident.

2

The court concluded the State had failed to provide notice under I.R.E. § 404(b) and, therefore, precluded evidence of the details of the standoff, including the length of time, blocking off streets, and the SWAT team. The court noted, however, that some facts were admissible as consciousness of guilt. In addition, the court relied upon the *res gestae* principle. The court explained:

> There was not an intent to introduce 404(b) evidence, which is actually required under the statute if it's offered under 404(b). To the extent, the state has made statements that Mr. Sams may be of an anti-authoritarian character and have a propensity to commit crimes because he is anti-authoritarian, I think that that's exactly the evidence that 404(a) prohibits. *However, I do agree that there is certain components of the delay in coming out of the residence, which are consciousness of guilt are [part and] parcel to the facts of the crime.* I do not agree, I mean, he clearly could have been charged with resisting and obstructing. He's not charged. The state had the opportunity to charge that conduct, and they did not.
>
> So, to the extent the evidence that the state puts on is that they made numerous attempts to contact him, he did not answer, and ultimately, they threw a phone through the window to try to make contact with him. I will permit that evidence and testimony because I don't think that that is character or 404(b) evidence for which they did not present notice.
>
> To the extent the state subscribes some state of mind of the defendant to that as being anti-authoritarian or willing to resist police, they did not give intent to produce it for those purposes, so I'm not going to permit it to that level of detail that we show that he was being contrary, anti-authoritarian, resisting, delaying, or obstructing officers in the performance of their duties because I don't believe that they gave notice of that, so I will permit it for very limited purposes.

(Emphasis added.)

In conformance with the court's ruling, the only evidence presented at trial was very brief testimony from a responding officer that there were unsuccessful attempts to contact Sams but he eventually exited the house and was taken into custody. Sams contends this testimony falls within the concept of other I.R.E. 404(b) acts for which no notice was given as required by the rule.

The State claims that evidence of the attempts to contact Sams and his exit from the house is admissible under the "consciousness of guilt" theory or, alternatively, pursuant to *res gestae*.[1] "Evidence of flight, escape, or failure to appear on the part of a defendant is often

---

[1] It is not clear whether the State contends that consciousness of guilt or *res gestae* evidence is admissible, independent of an Idaho Rule of Evidence 404(b) analysis, or constitutes exceptions within the I.R.E. 404(b) analysis. We need not address this question.

identified as relevant to demonstrate consciousness of guilt." *State v. Thumm*, 153 Idaho 533, 544, 285 P.3d 348, 359 (Ct. App. 2012) (citing *State v. Pokorney*, 149 Idaho 459, 463, 235 P.3d 409, 413 (Ct. App. 2010)). *Res gestae* is defined, in part, as: "The whole of the transaction under investigation and every part of it." BLACK'S LAW DICTIONARY 1305 (6th ed. 1990). This Court has held:

> The state is entitled to present a full and accurate account of the circumstances of the commission of the crime, and if such an account also implicates the defendant or defendants in the commission of other crimes for which they have not been charged, the evidence is nevertheless admissible. The jury is entitled to base its decision upon a full and accurate description of the events concerning the whole criminal act, regardless of whether such a description also implicates a defendant in other criminal acts.

*State v. Blackstead*, 126 Idaho 14, 18, 878 P.2d 188, 192 (Ct. App. 1994) (citing *State v. Izatt*, 96 Idaho 667, 670, 534 P.2d 1107, 1110 (1975)). Both consciousness of guilt and *res gestae* are concepts of relevance. In essence, these phrases are shorthand to explain why certain evidence is relevant.[2]

Sams claims that all evidence that does not "form a factual element of the underlying charges" is I.R.E. 404(b) other "acts" evidence. He reads the scope of the rule far too broadly. Idaho Rule of Evidence § 404(b) provides, in part, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." I.R.E. § 404(b). This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009); *see also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012). The term "acts" or the phrase "other acts" does not encompass every fact in the case as opposed to the facts relating to the physical assault itself. Idaho Rule of Evidence § 404(b) is principally designed to protect against admission of purely propensity evidence. The

---

[2]       Sams does not challenge the evidence on relevance grounds.

evidence at question here has nothing to do with propensity, and thus, is not the type of evidence for which Rule 404(b) notice must be given.

Relatedly, I.R.E. § 404(b) recognizes that evidence of "other crimes, wrongs, or acts" may bear upon character. The evidence at issue here simply does not fall in the I.R.E. § 404(b) concept of "other crimes, wrongs, or acts." The term "acts" encompasses acts similar in nature to crimes or wrongs and which invoke propensity toward such action and related bad character.[3] Moreover, the evidence at issue was not offered or admitted to prove character. Therefore, I.R.E. § 404(b) and its notice provisions do not apply.

## III.

## CONCLUSION

Idaho Rule of Evidence § 404(b) and its notice provisions do not apply. The correct analysis with respect to the evidence in question is relevance, which Sams does not challenge. Therefore, the district court's judgment finding Sams guilty of disturbing the peace is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[3]    As to the context of words, Idaho appellate courts have applied the maxim *noscitur a sociis*, which means "a word is known by the company it keeps." *State v. Schulz*, 151 Idaho 863, 867, 264 P.3d 970, 974 (2001). "[W]hen words appear in a list or are otherwise associated, they should be given related meanings." *State v. Richards*, 127 Idaho 31, 38, 896 P.2d 357, 364 (Ct. App. 1995).