**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43187**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2016 Unpublished Opinion No. 753** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: October 27, 2016** |
| | ) |
| v. | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **DAVID G. CONNER,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

David G. Conner appeals from his judgment of conviction entered upon the jury verdict finding him guilty of trafficking in five pounds or more of marijuana. Conner argues the evidence admitted at trial relating to his Oregon traffic stop and his crime of driving without privileges was irrelevant and unduly prejudicial. He also argues the State cannot establish that any error was harmless. Because the evidence was relevant and not unduly prejudicial, and since any error would be harmless, we affirm the district court's decision.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An Oregon police officer stopped Conner in Oregon on Interstate 84 for speeding. Based on his discussion with Conner, the Oregon officer learned Conner was driving with a suspended California license. After allowing Conner to leave, the Oregon officer contacted an Idaho police

1

officer and explained his observations of Conner and the recent driving citation. The Oregon stop was videotaped.

Based on the information about Conner's suspended license, two Idaho police officers stopped Conner as he was driving in Idaho. The Idaho officers spoke with Conner at the stop and collected his driver's license and insurance to validate through dispatch. While awaiting information on Conner's license, a third Idaho police officer arrived at the scene with a K-9. The K-9 alerted at the rear of Conner's automobile. The officers opened the trunk and discovered more than five pounds of marijuana in six sealed bags.

The State charged Conner with trafficking in five pounds or more of marijuana. Conner filed a pretrial motion to suppress the evidence found during the search of his car. The district court denied this motion. The case went to trial and the district court admitted the videotape of the Oregon stop over Conner's objection that the entire video was irrelevant and prejudicial. Additionally, the district court admitted testimony that Conner was driving on a suspended California license over Conner's objection. Following the presentation of the evidence, the jury found Conner guilty of trafficking five pounds or more of marijuana. The district court sentenced Conner to a unified sentence of seven years, with three years determinate. Conner timely appeals.

## II.

## ANALYSIS

### A. Evidence of the Oregon Traffic Stop and the Status of Conner's Driver's License Was Relevant

Conner argues the evidence of the Oregon traffic stop and his driving without a license was not relevant to the charge of trafficking marijuana and, therefore, should not have been admitted by the district court. We disagree.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de

2

novo.  *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

The first issue in this case is whether the Oregon stop and Conner's citation for driving without privileges are generally relevant to the trafficking charge.  The second issue is whether the evidence of the Oregon stop and Conner's suspended license is inadmissible evidence under Idaho Rule of Evidence 404(b) or whether it is admissible as *res gestae*, which is an exception to Rule 404(b).  The issue of relevance therefore depends on the degree to which the evidence of the Oregon traffic stop and the status of Conner's driver's license provide context for the Idaho stop.

1.      **Evidence of the Oregon traffic stop and Conner's citation for driving without privileges are relevant to the trafficking charge**

Conner argues the district court erroneously admitted evidence of the Oregon traffic stop because it was background information and not relevant to the charge of trafficking more than five pounds of marijuana.  The State responds the Oregon traffic stop formed the basis of the Idaho stop and established the credibility of the police officers and therefore, is relevant to the case.  The evidence from the Oregon traffic stop was relevant in this case.  Although the reasoning overlaps in part, Conner separates evidence from the Oregon traffic stop into two groups:  (1) video evidence and testimony by the Oregon officer regarding the Oregon stop; and (2) Conner's traffic citation for driving without privileges.  We will address each in turn.

First, the evidence from the stop, including the video of the stop and observations by the Oregon officer, provided the context to explain how the Idaho officer knew Conner was driving with a suspended license.  Second, the specific evidence of Conner's driving without a license demonstrates not only the context of the Oregon stop, but also the reason Conner was pulled over in Idaho.  During the traffic stop in Oregon, the Oregon officer learned Conner was driving with a suspended California license.  The Oregon officer issued Conner a citation for the infraction and contacted the Idaho State Police on the matter.  Conner expressed his intention of driving into Idaho, and so the Oregon officer again contacted an Idaho police officer after Conner departed from the traffic stop.  The information that Conner was driving without privileges provided the basis for the traffic stop in Idaho.  Without the information of the citation, Idaho police had no basis to stop Conner.  The suspended California license therefore is relevant to the trafficking charge because it provided the reason and justification for the traffic stop in Idaho.

3

Finally, the evidence of the Oregon traffic stop is relevant because the State needed the evidence to explain the context of the events and credibility of the police officers involved. The Oregon stop and the suspended nature of Conner's driver's license were at issue when Conner questioned the basis for the Idaho traffic stop and the credibility of the Oregon officer at trial. Conner repeatedly objected to the evidence which connected the Idaho police officers to the evidence discovered in the Oregon traffic stop. Then, in his closing argument, Conner asked the jury to question whether the Oregon officer was credible in his testimony, due to his willingness to allow Conner to drive away from the stop with a suspended license and later calling Idaho officers regarding the crime. The State therefore used the details of the Oregon traffic stop to provide background and context for the initial observations of Conner's behavior, which also provided the basis of the Idaho traffic stop.

## 2. Evidence of the Oregon stop and Conner's suspended license is not character evidence under Rule 404(b) and is admissible as *res gestae*

Even if the evidence of the Oregon traffic stop is relevant, the question remains whether the evidence is admissible. On appeal, Conner and the State focus on whether Conner's suspended license is character evidence, and if so, whether it is admissible under the *res gestae* exception. Conner argues the district court abused its discretion by admitting evidence of his suspended California license without addressing his Rule 404(b) objection. The State asserts Rule 404(b) does not apply to this case; and even if it does apply, the evidence is still admissible because it proves opportunity to commit the crime rather than propensity or character of Conner. Although the appellate briefing by Conner and the State split into two the issues of relevance and Rule 404(b), *res gestae* applies to both. We hold the evidence from the Oregon traffic stop, including video evidence, testimony, and Conner's citation for driving without privileges, is relevant to the marijuana trafficking charge because it is part of the entire story of events, which the State is allowed to present as *res gestae*.

Idaho Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

4

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190.

*Res gestae* is defined as "events at issue, or other events contemporaneous with them." BLACK'S LAW DICTIONARY (10th ed. 2014). *Res gestae* has become a traditional exception to the general prohibition against the use of misconduct evidence that is not specifically the crime charged. *See State v. Blackstead*, 126 Idaho 14, 17-18, 878 P.2d 188, 191-92 (Ct. App. 1994). The Idaho Supreme Court has held that evidence of an uncharged crime is admissible when that act is so interconnected with the charged crime that a complete account of the offense could not be given to the jury without the disclosure of the uncharged crime. *State v. Izatt*, 96 Idaho 667, 670, 534 P.2d 1107, 1110 (1975). The Court explained:

> The state is entitled to present a full and accurate account of the circumstances of the commission of the crime, and if such an account also implicates the defendant or defendants in the commission of other crimes for which they have not been charged, the evidence is nevertheless admissible. The jury is entitled to base its decision upon a full and accurate description of the events concerning the whole criminal act, regardless of whether such a description also implicates a defendant in other criminal acts.

*Id.*

Conner argues the evidence of his driving without privileges is not relevant to a fact at issue other than character or propensity. Due to the nature of the evidence, Conner asserts the district court failed to conduct the requisite analysis to show the suspended license was relevant to a fact other than Conner's character. The State responds the evidence of Conner's driver's license constitutes *res gestae*, which is an exception to the Rule 404(b) prohibition of character evidence. The State asserts the evidence of Conner's suspended driver's license is inseparably connected to the marijuana trafficking charge because it explains the police officer's conduct. According to the State, the evidence of the suspended license provides the reason for the traffic stop and, therefore, provides the jury with a logical explanation of how officers discovered more than five pounds of marijuana in the trunk of Conner's vehicle. Furthermore, the State explains even if Rule 404(b) applies, the evidence of Conner's suspended license would be admissible because it does not "prove" his character and also could be used to demonstrate opportunity.

Here, the evidence that Conner was driving without privileges is admissible because it is interconnected with the trafficking charge. To explain why the district court overruled Conner's objection to the driving without privileges evidence, the court stated:

> This proceeding involves a sort of continuing course of activity that involved the State of Oregon, law enforcement in Oregon making a legitimate stop on a defendant, citing him for not having a valid driver's license in Oregon and reporting that to law enforcement in Idaho who, using that evidence, makes a stop.

The citation for driving without privileges occurred in the same series of events as the discovery of marijuana, thereby providing the immediate temporal connection. Additionally, the evidence of the driving without privileges was the justification for the traffic stop, which could otherwise appear arbitrary. The jury would not understand the reason for the stop in Idaho without hearing of the traffic citation that occurred minutes before in Oregon. The evidence of the suspended license, therefore, is necessary to give the jury a complete account of the crimes and the events that took place on the night in question, and thus, is one of the Rule 404(b) exceptions permitting the State to admit such evidence at trial.

## B. Evidence of the Oregon Traffic Stop and Conner's Driving Without Privileges is Not Unduly Prejudicial

Since the evidence was relevant and admissible pursuant to the *res gestae* exception, the next question is whether the evidence was unduly prejudicial. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

6

confusion of the issues, or misleading the jury. I.R.E. 403; *Grist*, 147 Idaho at 52, 205 P.3d at 1188. Evidence should be excluded as unfairly prejudicial if it invites inordinate appeal to lines of reasoning outside of the evidence or emotions which are irrelevant to the decision-making process. *State v. Rhoades*, 119 Idaho 594, 604, 809 P.2d 455, 465 (1991). The Idaho Supreme Court has previously explained the weighing process that a district court must use in determining whether to admit or exclude evidence under Rule 403:

> The rule creates a balancing test. On one hand, the trial judge must measure the probative worth of the proffered evidence. The trial judge, in determining probative worth, focuses upon the degree of relevance and materiality of the evidence and the need for it on the issue on which it is to be introduced. At the other end of the equation, the trial judge must consider whether the evidence amounts to unfair prejudice. . . . Only after using this balancing test, may a trial judge use his discretion to properly admit or exclude the proffered evidence.

*Davidson v. Beco Corp.*, 114 Idaho 107, 110, 753 P.2d 1253, 1256 (1987) (citations omitted).

A Rule 403 balancing determination by the district court is reviewed for an abuse of discretion. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### 1.      Evidence of the Oregon stop is not unduly prejudicial

Conner argues the evidence of the Oregon stop was unfairly prejudicial because it presented Conner as a dishonest and suspicious person without respect for the law. Conner asserts the video evidence of the traffic stop shows a prejudicial contrast between his statements and the opinions of the Oregon officer. Also, due to the subsequent discovery of marijuana in his trunk, Conner alleges he is unfairly prejudiced by his dishonesty to the Oregon officer. We disagree.

At trial, Conner objected to the video evidence of the Oregon stop.[1] When asked what is objectionable about the video, Conner responded:

---

[1]      We focus on the second instance in which Conner argued the video evidence was unfairly prejudicial. The first objection concerned a specific portion of the video which showed Conner

7

> Judge, this is a trafficking charge, not an intent to deliver. So the officer's questions about where he's going, what street it's on, how long he's going to be there, none of it's relevant. It's all prejudicial. And if this was intent to deliver, it would be different. But trafficking is just simple possession of X amount of a controlled substance.

As noted above, the evidence of the traffic stop has probative value. The statements by Conner are probative of the Oregon officer's observations and citation for driving without privileges, as well as the officer's subsequent call to inform the Idaho State Police of his suspicion. The Oregon officer asks Conner routine questions during the stop, and Conner voluntarily responds. Moreover, the evidence of the Oregon traffic stop is not unduly prejudicial in its depiction of Conner, who answers the questions he is asked and does as the officer requested. There is no evidence that the State sought to prove Conner's dishonesty or disrespect for the law when it presented the traffic stop. Instead, the evidence was admitted to show the basis justifying the stop of Conner in Idaho. Because the evidence presented the events of the traffic stop and provided the basis for the Idaho officer's future action, the evidence of the Oregon stop was not unfairly prejudicial to Conner.

> **2.      Evidence that Conner was driving without privileges is not unduly prejudicial**

Conner asserts the evidence of his driving without privileges is unfairly prejudicial since it shows he does not believe rules apply to him and he has no respect for law enforcement. Conner argues the prejudice resulting from the evidence of driving without privileges outweighed the negligible probative value of the evidence. We disagree.

The district court must engage in a sufficient balancing test in order to admit the evidence over Conner's objection of prejudice. At trial, after several objections to the prejudicial effect of Conner's suspended California license, the district court addressed the issue. After finding the evidence relevant, and although not specifically citing the rule, the district court engaged in a Rule 403 balancing test to explain its ruling and how prejudice of the suspended license does not outweigh its probative value. The district court stated:

> And so [evidence of driving without privileges] provides context to the story. Given the fact that the Court has already ruled that there was probable cause for the stop on both ends, the--and that the Idaho video recites the information that they--the Idaho officers had from Oregon, including that the defendant was

---

denying the search of his automobile. That portion, however, had been removed by the State before trial and, therefore, was not a part of the evidence presented to the jury.

suspended, I don't find that--I find that it's relevant to the extent it provides context and explanation for the stops, the story. It's--any prejudice does not outweigh any probative value. And the Court has taken steps to address some of the concerns about superfluous radio traffic, music, comments in between the time periods I've referred to.

The district court's explanation was sufficient to satisfy the Rule 403 balancing test.

### C.     Even if Admitting Evidence of the Oregon Traffic Stop or Driving Without Privileges Charge was Error, the Error Was Harmless

Conner argues that admitting evidence of the Oregon stop and the driving without privileges was not harmless error. He asserts the State cannot show that Conner's guilty verdict was not attributed to the evidence allowed at trial by the district court. The State responds the jury considered significant evidence proving Conner possessed more than five pounds of marijuana, even if evidence of the Oregon stop and the suspended California license was erroneously admitted.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id*. Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010). However, where the error in question is a constitutional violation that affects the base structure of the trial to the point that the trial cannot serve its function as a vehicle for the determination of guilt or innocence, the appellate court shall vacate and remand. *Id*. Such structural defects include the complete denial of counsel, a biased trial judge, denial of self-representation, denial of a public trial, defective reasonable doubt instruction, and erroneous deprivation of the right to counsel of choice. *Id*. at 222-23, 245 P.3d at 974-75. Although structural defects require automatic reversal, most constitutional violations will be subject to a harmless error analysis. *Neder v. United States*, 527 U.S. 1, 8 (1999).

The evidence of the Oregon stop, including the video evidence and the testimony of the Oregon officer, as well as the evidence of Conner's driving without privileges, was admitted by the State to provide the context and probable cause for the Idaho traffic stop. The State used the

evidence to explain that the Idaho police officer did not arbitrarily stop Conner. However, even if the evidence was erroneously admitted, the error was harmless because the jury heard additional evidence relating to the crime of trafficking in five pounds or more of marijuana. An Idaho police officer testified his K-9 approached the back of Conner's vehicle and alerted at the trunk of the car. That same Idaho officer explained how the trunk of Conner's vehicle contained "six bags of a green leafy substance," which he believed to be marijuana due to its odor and his dog's response. Another Idaho police officer also testified about the amount and location of the marijuana in Conner's vehicle. That officer explained how the trunk of Conner's car contained six plastic bags of what he believed to be marijuana, which he transported from the scene to a secure evidence locker. A third Idaho police officer testified he saw six clear plastic bags in the trunk of Conner's car before taking Conner to jail. Finally, a drug chemist described her laboratory testing of the substance found in Conner's car, which she determined to be marijuana and weighing more than five pounds. From these witnesses and their testimony, the jury heard overwhelming evidence in support of its finding that Conner was in possession of more than five pounds of marijuana. We can therefore conclude beyond a reasonable doubt that even if an error did occur in admitting evidence of the Oregon traffic stop and the driving without privileges, this error did not contribute to the jury's verdict. Thus, any error was harmless error.

## III.

## CONCLUSION

Based on the foregoing, the district court's judgment of conviction is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.